IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FORREST BATTLE,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN FIBER COMPANY, LLC,<br><br>    Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Forrest Battle brings this action against Defendant Southern Fiber Company, LLC ("Southern Fiber") under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). He seeks unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

## NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.      This is an action for unpaid overtime wages under the FLSA. Defendant violated the FLSA by failing to pay Plaintiff overtime wages at one-and-one-half his regular rate when he worked in excess of forty (40) hours per week during the three-year period preceding the filing of this Complaint.

1

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over this Complaint.

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.4 because a substantial part of the events and omissions giving rise to this Complaint occurred within the Gainesville Division of the Northern District of Georgia, where Defendant has its principal office and employed Plaintiff.

## PARTIES

4. Plaintiff was employed by Defendant as a Field Technician from on or about December 11, 2017, through approximately May 2019.  Plaintiff was Defendant's "employee" within the definition of the FLSA at all times relevant to this Complaint.

5. Plaintiff was "engaged in commerce" through his work for Defendant Southern Fiber within the meaning of the FLSA, 29 U.S.C. § 207 by, *inter alia*, installing fiber optic telecommunications networks in multiple states.

6. Defendant Southern Fiber is a Georgia limited-liability company that is licensed to conduct business in Georgia and transacts business within the Northern

District of Georgia. Defendant may be served with process via its registered agent, Chad Brown, at 630 Hawthorne Avenue, Athens, Georgia 30606.

7. Defendant Southern Fiber was Plaintiff's "employer" under the FLSA at all times relevant to this Complaint.

8. At all relevant times, Defendant was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

9. Upon information and belief, Defendant Southern Fiber had gross annual revenues in excess of $500,000 at all relevant times.

## STATEMENT OF FACTS

10. Defendant Southern Fiber is in the business of planning, installing, maintaining, and repairing fiber optic networks.

11. On or about December 4, 2017, Defendant presented Plaintiff with an offer of employment (the "Employment Offer Letter"), according to which Plaintiff was offered the position of Junior Associate Field Technician.

12. The Employment Offer Letter expressly stated that "[t]his is a non-exempt full-time position. While you are employed at [Southern Fiber], you will not engage in any other employment, consulting or other business activity (whether full-time or part-time) that would create a conflict of interest with [Southern Fiber]."

3

13. The Employment Offer Letter also stated that "[t]his is a non-exempt full-time position requiring approximately 40 hours per week."

14. The Employment Offer Letter was signed by Defendant's then-CEO, Patrick Pittard.

15. Plaintiff accepted Defendant's offer of employment under the terms spelled out in the Employment Offer Letter. Plaintiff was employed by Defendant from on or about December 11, 2017, to approximately May 2019.

16. Between December 2017 and approximately April 2018, Plaintiff was paid an annual salary of $36,000.

17. Beginning in approximately April 2018, Plaintiff's annual salary was increased to $42,000.

18. Plaintiff regularly performed manual labor for Southern Fiber by, *inter alia*, working with other technicians to physically install fiber optic cables and related equipment using construction tools, locating underground utilities, and potholing.

19. Plaintiff was a "blue collar" worker within the meaning of 29 C.F.R. § 541.3 at all times relevant to this Complaint.

20. Plaintiff performed work for Defendant in both Georgia, Alabama, and South Carolina.

21. Plaintiff drove from Georgia to jobsites in Alabama to perform work for Defendant on multiple occasions.

22. Upon information and belief, the fiber optic telecommunications networks installed by Plaintiff were used to facilitate interstate commerce by, *inter alia*, facilitating Internet and telephonic communications.

23. Plaintiff's work installing fiber optic communications networks was closely and intimately related to existing instrumentalities and channel of interstate commerce, including Internet and telephonic communications.

24. Plaintiff regularly worked substantial hours in excess of 40 per workweek. Plaintiff would often begin work between 6:00 AM and 7:00 AM and would continue working until sundown.

25. Upon information and belief, Plaintiff consistently worked approximately 50 to 60 hours per workweek during the relevant time period.

26. Plaintiff did not receive any pay in addition to his purported annual salary for any hours worked in excess of 40 per workweek during the relevant time period.

27. For approximately one month at the beginning of his employment, Plaintiff kept track of the hours that he was working. However, he stopped doing so

after Defendant's CFO, Patrick McShane, saw that Plaintiff was tracking his hours and asked him why he was doing so.

28.  Approximately one week after Mr. McShane asked Plaintiff why he was keeping track of his hours, Plaintiff complained to Mr. McShane about not receiving overtime pay.  Mr. McShane laughed and offered Plaintiff a few bags of beef jerky as "overtime pay."

29.  Defendant knew or should have known that Plaintiff worked substantial hours in excess of 40 per week because, among other things, Plaintiff complained to Mr. McShane about not receiving overtime pay for time worked in excess of 40 hours per week.

30.  Defendant did not compensate Plaintiff for all time worked in excess of 40 per week at the rate required by the FLSA, which is one-and-one-half his regular rate of pay.

31.  On information and belief, Defendant violated the FLSA by failing to maintain the records of Plaintiff's time worked.

32.  Defendant's failure to pay Plaintiff one-and-one-half his regular rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice that Defendant intentionally applied to Plaintiff.

33.  Defendant's FLSA violations were willful and not in good faith.

## COUNT ONE
## Willful Failure Pay Overtime Wages in Violation of the FLSA

34. Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if fully restated here.

35. Defendant engaged in a pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff overtime at a rate of one-and-one-half his regular rate of pay for all time worked in excess of 40 per week.

36. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

37. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

38. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

39. Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per week.

40. Throughout the relevant time period, Defendant failed to pay Plaintiff at one-and-one-half his regular rate of pay for all hours worked in excess of 40 per week.

41. As a result of Defendant's willful failure to compensate Plaintiff at a rate of one-and-one-half his regular rate for hours worked in excess of 40 per week, Defendant violated the FLSA.

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

43. Defendant did not make a good-faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

44. Due to Defendant's willful FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime wages for all of the hours that he worked in excess of 40 per week, an additional and equal amount as liquidated damages for Defendant's willful violations of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b) Application of the FLSA's three-year statute of limitations;

c) An award of unpaid overtime compensation due under the FLSA;

d) An award of liquidated damages;

e) An award of prejudgment and post-judgment interest;

f) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

g) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of December 2020.

*/s/ Michael D. Forrest*
Michael David Forrest
Georgia Bar No. 974300
Justin M. Scott
Georgia Bar No. 557463
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff

9