# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of September 23, 2021 by and between Scott Employment Law, P.C. ("Plaintiff's counsel") and Southern Fiber Company, LLC ("Defendant") (collectively, the "Parties").

## RECITALS

WHEREAS, on or about December 28, 2020, Plaintiff Forrest Battle ("Plaintiff") filed a lawsuit captioned *Forrest Battle v. Southern Fiber Company, LLC*, Case No. 2:20-cv-00303-RWS, in the U.S. District Court for the Northern District of Georgia (the "Court") against Defendant (hereinafter, the "Litigation");

WHEREAS, the Litigation alleges that Defendant failed to pay Plaintiff overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, at all times, Defendant has vigorously denied, and continues to deny, any wrongdoing in connection with the claims asserted in the Litigation;

WHEREAS, on June 18, 2021, Defendant sent a Rule 68 Offer of Judgment to Plaintiff, and, accordingly, Plaintiff will file a Notice of Acceptance of Defendant's Offer of Judgment, and agreed to request that the Court enter judgment against Defendant pursuant to that accepted Rule 68 Offer of Judgment; and

WHEREAS, the Parties desire to resolve their claims, disputes and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

1.   **Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendant shall pay Plaintiff's counsel a total sum of Twenty-One Thousand dollars ($21,000.00) (the "Settlement Payment"). Defendant shall deliver the following check to Plaintiff's counsel as set forth in this Agreement:

(a)   One check made payable to Scott Employment Law, P.C., in the amount Twenty-One Thousand Dollars and Zero Cents ($21,000.00) to represent Plaintiff's attorneys' fees and other costs. Defendant will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

Plaintiff's counsel agrees to provide Defendant the requisite tax identification numbers and other information, including executed W-9 forms, as requested by Defendant, to execute the Settlement Payment. The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, except as otherwise provided in this Paragraph, and that neither Party nor its attorney(s) will seek any award of attorneys' fees, costs, or other monies from the other Party.

2. **Taxes.** Plaintiff's counsel shall be solely responsible for, and are legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by them to any federal, state, local or regional taxing authority as a result of the Settlement Payment. Plaintiff's counsel agrees to indemnify and hold Defendant harmless with respect to any taxes, interest, penalties, or any other costs or monies related to the Settlement Payment. Defendant does not make any warranty or representation to Plaintiff's counsel regarding the tax consequences of the Settlement Payment.

3. **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that they shall execute a copy of this Agreement, and file a Joint Motion to Approve Settlement Agreement (along with a proposed order and executed copy of this Agreement), no later than September 30, 2021. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of this lawsuit.

4. **Timing of Payment:** The check described in Paragraph No. 1 of this Agreement shall be delivered to Plaintiff's counsel within five (5) business days after the occurrence of all of the following: (1) the execution of this Agreement by all Parties; (2) the judicial approval of this Agreement and dismissal of the Litigation *with prejudice*; and (3) Defendant's counsel's receipt of executed W-9s from Plaintiff and his counsel, if requested. Defendant shall send all checks to Scott Employment Law, P.C., 160 Clairemont Avenue, Suite 610, Decatur, Georgia 30030.

5. **Release.** In exchange for the consideration described herein, upon receipt of the Settlement Payment, Plaintiff's counsel, on behalf of themselves and their heirs, successors, agents, and all other related persons or entities, hereby unconditionally and irrevocably release, remise and forever discharge Defendant of and from any and all claims for counsel fees and costs, arising out of the Litigation.

6. **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendant and is not to be construed as an admission that Defendant engaged in any wrongful, tortious or unlawful activity. Defendant specifically disclaims and denies any liability to Plaintiff or that it engaged in any wrongful, tortious or unlawful activity.

7.   **Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph No. 5 above, but not a Party, are third-party beneficiaries of this Agreement.

8.   **Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

9.   **New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

10.  **Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

11.  **Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

12.  **Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

13.  **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**14.**   **Drafting.**   The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**15.**   **Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**16.**   **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.**

| Scott Employment Law, P.C. | Southern Fiber Company, LLC |
|---|---|
| Signature: /s/ Scott | Signature: /s/ |
| By (Print): Justin M Scott | By (Print): Clay Sanders |
| Title: Managing Shareholder | Title: Owner |
| Date: 9/23/21 | Date: 10-4-2021 |